# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MISTYE LYNNETTE DOUGHTY,**

      Plaintiff,

   -vs-                                             Case No. 16-CV-49

**TIMOTHY BRYAN, SR.,**

      Defendant.

# SCREENING ORDER

The pro se plaintiff, Mistye Lynette Doughty, is confined at the Wisconsin Resource Center. She filed a complaint under 42 U.S.C. § 1983, alleging that her civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. The plaintiff has been assessed an initial partial filing fee of $15.83, and she has paid $350.00.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in

law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

- 2 -

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Complaint Allegations

The plaintiff alleges that on September 29, 2015, she fell and injured her left wrist at the Wisconsin Resource Center (WRC). She went to the Health Services Unit and the medical staff there thought her wrist was fractured. Medical staff sent the plaintiff to the emergency room at Saint Agnes Hospital, where she was examined by the defendant, Physician Assistant Timothy Bryan, Sr. Defendant Bryan ordered three views of x-rays of the plaintiff's wrist and he interpreted the x-rays as negative for a fracture. Bryan told WRC Officer Hawley and Technician Stoinsky, who had accompanied the plaintiff to the hospital, "Good news, it's not broken, just badly sprained." (Dkt. No. 1 at 3.) The plaintiff was then released from the hospital with a prescription for "Naprosyn," and returned to the WRC.

The x-rays were also read by Dr. Benjamin Smith of Radiology Associates of the Fox Valley, and that his findings state that the plaintiff had a "non-displaced fracture of the distal radius." Neither the WRC or the plaintiff was notified of the fracture.

After approximately five weeks of constant pain, swelling, and tenderness, with limited use of her left wrist, the plaintiff notified the Health Services Unit at the WRC.

On November 10, 2015, she was examined by Dr. Loyda Loria at the WRC. Dr. Loria could not locate the prior x-rays from the emergency room, so

she ordered new x-rays. The new x-rays were taken by "Mobile Stat" that same day.

On November 11, 2015, medical staff notified the plaintiff that her left wrist was fractured. She returned to the Saint Agnes Hospital that day, and the doctor there referred her to the University of Wisconsin-Madison (UW) Hospital Orthopedic Clinic.

On November 16, 2015, the plaintiff went to the UW Hospital. Dr. Whiting ordered a CAT Scan of her left wrist and reviewed the findings of the scan with the plaintiff. The plaintiff's distal radius was fractured, out of alignment, and lower from healing incorrectly. An operative fixation was recommended.

On November 19, 2015, the plaintiff went in for surgery, which included "rebreaking, chiseling out bone growth, lifting and realignment of distal radius with a plate and seven screws." The plaintiff returned to the UW Hospital on December 9 to remove the stitches and receive a cast. She returned again on January 4, 2016, for removal of the cast and x-rays. The plaintiff will need physical therapy.

The plaintiff brings this action against defendant Bryan because he "misinterpreted my x-ray." The plaintiff states that she has suffered 48 days with pain and limited movement, due to Bryan's negligence. According to the plaintiff, had Bryan read the x-rays properly, or the radiology report, and

- 5 -

notified the Health Services Unit of the wrist fracture, she would have been treated on her first visit to Saint Agnes Hospital, and no corrective surgery would have taken place. The plaintiff seeks compensatory and punitive damages.

## Discussion

The plaintiff's allegations that Bryan negligently misinterpreted her x-ray does not state a claim for deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (citation omitted). Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *See Estelle*, 429 U.S. at 107; *Greeno*, 414 F.3d at 653. Thus, the plaintiff may not proceed under 42 U.S.C. § 1983 on based on these allegations because she has not alleged that Bryan violated her rights under federal law.

The plaintiff advances a negligence claim. Negligent conduct on the part of a state official is insufficient to make out a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 331, 333-34 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986); *Russ v. Watts*, 414 F.3d 783, 788-89 (7th Cir. 2005). Negligence is not actionable in suit under 42 U.S.C. § 1983 complaining about the infliction of cruel and unusual punishment. *Thomas v.*

*Farley*, 31 F.3d 557, 558 (7th Cir. 1994); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1429 (7th Cir. 1996).

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support a federal claim. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)). The plaintiff is free to bring her state law claim in state court. However, this federal Court lacks subject matter jurisdiction over her state law claim. *See* 28 U.S.C. § 1332.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJDUICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

- 7 -

Case 2:16-cv-00049-RTR   Filed 03/09/16   Page 7 of 8   Document 9

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copy of this order be sent to the Administrator of the Wisconsin Resource Center and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 9th day of March, 2016.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**